IN RE ESTATE OF MARY M. OLTMER, A PROTECTED PERSON.
VELMA BRANDL AND GERALDINE VOLSICKA, APPELLEES,
v. MARY M. OLTMER, APPELLANT.

336 N.W.2d 560

Filed July 15, 1983. No. 82-390.

Lynn D. Hutton, Jr., P.C., for appellant.

Jewell, Otte, Gatz & Collins, for appellees.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

BOSLAUGH, J.

The appellant, Mary M. Oltmer, appeals from a judgment of the District Court affirming a protective order of the county court appointing a conservator for her.

The appellant is a widow, now 80 years of age. Her husband, John H. Oltmer, died on January 21, 1970. She has three children: Velma Brandl, Geraldine Volsicka, and Kenneth J. Oltmer.

The petition for the appointment of a conservator was filed by her daughters, the appellees, on September 8, 1981. The petition alleged that the appointment of a conservator was necessary because the appellant "is unable to manage her property and affairs effectively because she is not trained through experience or education to manage her property and her property will be wasted or dissipated unless proper management is provided." The petition further alleged: "That the petitioners have knowledge of the person for whom protection is sought is attempting to sell or trade some of the real estate aforesaid for less than fair market value and that this property will be wasted or dissipated unless a conservator is provided."

Neb. Rev. Stat. § 30-2630(2) (Reissue 1979) provided in part as follows: "Appointment of a conservator . . . may be made in relation to the estate and affairs of a person if the court determines that (i) the person is unable to manage his property and affairs effectively for reasons such as . . . advanced age . . . ; and (ii) the person has property which will be wasted or dissipated unless proper management is provided . . . ."

The county court found that the appointment of a conservator was necessary because the appellant was unable to manage her property and affairs effectively or apply her estate to necessary ends by reason of advanced age, the undue influence of Kenneth J. Oltmer, her son, which influence is contrary to the best interest of the appellant, and that the property would be wasted or dissipated unless proper management was provided. The District Court made similar findings.

The appellant has made numerous assignments of error which, in substance, amount to a claim that

the evidence was insufficient to support the finding that the appointment of a conservator was necessary. The review of such an order is now for "error appearing on the record" made in the county court. Neb. Rev. Stat. § 24-541.06 (Cum. Supp. 1982).

The evidence shows that upon the death of her husband in 1970 the appellant became the owner of 640 acres of farmland and approximately $10,000 in bank accounts. Upon distribution of the estate she received another $10,000 in cash.

At the time of the trial in county court on December 2, 1981, she owned 160 acres, known as the Severa place, a small home in Madison, Nebraska, which was in poor condition, and a checking account with a balance of $19.18. She also had a savings account with a balance of less than $1,000, and some unsold grain. There was a balance of $32,000 due her on the Severa place transaction and some cash rent owed by a Mr. Loseke.

She had given 80 acres of land to Mrs. Volsicka, one of the appellees, and an additional 80 acres to her subject to an annual charge of $500 during the life of the appellant.

The balance of her property had been transferred or disposed of through various transactions so that her son, Kenneth J. Oltmer, and his son John, owned 400 acres of land. In 1970 Kenneth had owned no land.

The facts concerning the transaction involving the Severa place are of importance. In 1981 the appellant entered into a contract to trade the "home place," a quarter section described in the record as one of the best farms in Stanton County, having a value of $296,000, for $64,000 and the Severa place, worth $80,000 and described as one of the poorest farms in the county. Testimony by a real estate appraiser established that the appellant lost $152,000 on that transaction.

The appellant had received $32,000 of the cash consideration from the transaction involving the Severa

place. She had applied $20,000 of that amount to debts of Kenneth J. Oltmer and, on October 3, 1981, had deposited $11,950 in her bank account. By the time of the trial, approximately 60 days later, only $19.18 remained in the account.

It is unnecessary to summarize other evidence in the record which supports the finding of the county court. It is apparent that unless a conservator were appointed to manage and conserve the property of the appellant, it is very probable that she would become impoverished and unable to support herself. The record supports the finding that the appellant is unable by reason of advanced age to manage her property and it will be wasted or dissipated unless proper management is provided.

The appellant argues that § 30-2630, prior to the 1982 amendment, did not apply to the appellant because the statute used only the pronoun for the male gender. The argument is frivolous. Under Neb. Rev. Stat. § 49-802 (Reissue 1978) the statute applied to both men and women.

The judgment of the District Court is affirmed.

AFFIRMED.

KRIVOSHA, C.J., dissenting.

I regret that I must respectfully dissent in this case. While there is no doubt that what we seek to do here is commendable, I believe that the precedent we establish by our actions in this case is unwarranted, and I anticipate that we will be required at some future time to narrow the effect of the decision rendered today.

What the record discloses is we have a woman, 80 years of age, who has made some poor business transactions and who apparently lives in a lifestyle with which many of us would take issue. That is not, in my view, what is meant by the provisions of Neb. Rev. Stat. § 30-2630(2) (Reissue 1979). While it is true the record does disclose that an individual of advanced age has improvidently dealt with her property, that is not the same as showing that she is un-

able to manage her property and affairs efficiently because of advanced age. The fact that one has made bad investments or is inclined to give one's property away is not sufficient to justify the appointment of a conservator over the objections of the one for whom the conservator is being sought. Were it otherwise, a number of us would have conservators appointed for us. Often all that persons of advanced age have left is their dignity and the ability to dispose of their property as they may choose. We should not take that right away so quickly, absent evidence of mental incapacity. I would have reversed the action of the court in appointing a conservator in this case.

I am authorized to state that Caporale, J., joins in this dissent.